**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM ANTHONY MAYES,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-cv-01026** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Nixon** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

Before the Court is William Anthony Mayes' motion under 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by this Court on March 2, 2010 (Crim. Case. No. 3:09-cr-00004, Judgment, ECF No. 52). For the reasons set forth herein, the Court finds that an evidentiary hearing is not required and that the movant is not entitled to relief.

**I.     Procedural Background**

A federal grand jury handed down an indictment on January 7, 2009, charging William Mayes with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924.  On June 30, 2009, Mr. Mayes pleaded guilty to the charge in the indictment. On March 2, 2010, the Court imposed a sentence of 100 months' incarceration, with 13 months of jail credit, and 3 years of supervised release.

Mr. Mayes appealed his sentence on the grounds that it was unreasonable. The Sixth Circuit affirmed, specifically finding that the sentence was "neither procedurally nor substantively unreasonable." *United States v. Mayes*, No. 10-5254 (6th Cir. Feb. 17, 2011). Mr. Mayes did not file a petition for certiorari, so his judgment became final 90 days later, on May 18, 2011.

Thereafter, Mr. Mayes filed in his criminal case a motion for sentence reduction pursuant to 18 U.S.C. § 3582, based on the amendments to the sentencing guidelines that followed the Fair Sentencing Act of 2010 (FSA); a separate motion for a sentence reduction pursuant to Amendment 742 to the guidelines; and an amended motion to reduce his sentence under the FSA, on August 17, 2011 and September 2, 2011, and January 9, 2012, respectively. The Court denied all three motions by order entered July 18, 2012, and the Sixth Circuit affirmed. *United States v. Mayes*, No. 12-6022 (6th Cir. June 5, 2013).

Meanwhile, Mr. Mayes filed the § 2255 motion in this case on October 19, 2011. In March 2013, Mr. Mayes submitted a letter inquiring about the status of his motion (ECF No. 3) and a motion to supplement his original § 2255 motion. (ECF No. 4.) In October 2013, the Court granted the motion to supplement and directed the United States to respond to the motion, as supplemented. The government's response was filed in November 2013 (ECF No. 10).[1] The motion is ripe for review.

## II.    The Current Motion

Mr. Mayes asserts three claims for relief in his initial habeas motion:

---

[1] On January 24, 2012, while his first § 2255 motion was still pending, Mr. Mayes filed a second § 2255 motion, challenging the same conviction and sentence. That case, too, was assigned to the undersigned. Promptly after the second motion was filed, the Court entered an initial order directing the United States to respond. The government filed its response on April 6, 2012, and the Court denied the motion in November 2013. *Mayes v. United States*, No. 3:12-cv-0117 (M.D. Tenn. Nov. 7, 2013). Mr. Mayes did not appeal that decision.

Ordinarily, of course, a second or successive § 2255 motion, even a timely one, would be forwarded to the Sixth Circuit Court of Appeals to be considered as an application for permission to file a second or successive motion in this Court. In this instance, however, it is apparent that neither the government nor the Court at that time was aware that Mr. Mayes had already filed a prior § 2255 motion, and Mr. Mayes did not raise the issue or frame his second § 2255 motion as an amendment to the first. In this second motion, Mr. Mayes indicated in the spaces provided on the court-approved form that he had filed two prior motions in his *criminal* case for a reduction of his sentence under 18 U.S.C. § 3582 and that those motions were still pending, but he failed to reference or incorporate the previously filed motion now before the Court.

The Court finds that the second motion, which was timely and was submitted before the respondent filed an answer to this motion, likely should have been deemed an amendment or supplement to this motion. Regardless, the Court finds that it would not be fair to the movant at this point to treat the present motion as a second or successive motion. It was, after all, filed before the second motion.

Ground One: The District Court Sentenced the Petitioner on the Basis of False Information in the Presentence Report in Violation of the Due Process Clauses of [the] Fifth and Fourteenth Amendments.

(ECF No. 1, at 7.)

Ground Two: The District Court Lacked Jurisdiction Over Count One of the Indictment, Because U.S.C. § 921(a)(20) Preempts Jurisdiction Over 18 U.S.C. § 922(g)(1), Whereas there is No Adjudication of the State Offenses, Charged in the Indictment as Required by Tennessee Law, Which Preempts the Charged Basis for the Indictment and Indictment Itself, and Renders the Indictment null and void Ab Initio.

(ECF No. 1, at 9.)

Ground Three: Sixth Amendment; Counsel Rendered Ineffective By Failure to Raise These Issues To The District Court.

(ECF No. 1, at 10.) After being granted leave by the Court, Mr. Mayes amended his

motion:

pursuant to the court of appeals recent decision in Jones v. United States, (2012),[2] which the court of appeals applied retroactively to prior conviction, which may not qualify to trigger enhancements in Section § 2K2.1, under Begay v. United States, (U.S. 2008).

Because documentation under Shepard v. United States, 544 U.S. 13 (2005), was not applied in the sentencing context during the sentence, petitioner(s) sentence under Jones retroactive application is impermissible.

(ECF No. 4, at 1.)[3]

## III.    Standard of Review

This court must vacate and set aside a movant's conviction upon a finding that "there has

---

[2] The movant does not provide a citation for this case other than to indicate it was issued by the Sixth Circuit in 2012. Based on the movant's citations to U.S.S.G. § 2K2.1 and *Begay v. United States*, 553 U.S. 137 (2008), the Court presumes he intends to refer to *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012).

[3] In his chronologically second § 2255 motion, Mr. Mayes asserted several claims that overlap to some extent with the claims asserted in this motion, including claims that "petitioner's sentence was improperly enhanced on the basis of false evidence, *i.e.*, prior convictions used to enhance had never been 'adjudicated,'" and that "counsel was ineffective during the appeals process because he failed to challenge the enhancement of petitioner's sentence for possession of a firearm in furtherance of a drug offense." *Mayes v. United States*, No. 3:12-cv-00117 (M.D. Tenn. Nov. 7, 2013) (Memorandum at 2).

been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Thus, to prevail upon a motion for habeas relief under 28 U.S.C. § 2255, a prisoner must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) the proceedings were affected by an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A prisoner must sustain his allegations by a preponderance of the evidence.

Under Rule 8 of the Rules Governing § 2255 Proceedings, the Court is to determine after a review of the answer and the record of the underlying criminal case whether an evidentiary hearing is required. In addition, where the same judge considering the § 2255 motion also conducted the underlying criminal proceedings, he may rely on his own recollections of those proceedings. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citation omitted). If the motion to vacate, the answer and the underlying record show conclusively that movant is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## IV.    DISCUSSION

### A.    Ground One

In Ground One of his motion, Mr. Mayes argues that he was sentenced on the basis of false information contained in the Presentence Report (PSR), in violation of his constitutional

rights. In support of this claim, he asserts that the probation officer "knowingly assigned points for each [offense] listed in the criminal history paragraphs under § 4A1.1." (ECF No. 1, at 8.) The movant states that the term "prior sentence" as used in § 4A1.2(a) of the sentencing guidelines refers to "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contend[e]re, for conduct not part of the instant offense." (*Id.* at 7 (quoting U.S.S.G. § 4A1.2(a)).) He does not, however, identify any offense listed in the PSR that was inaccurate or for which he believes he should not have received criminal history points.

As an initial matter, the Court notes that this claim could have been but was not raised on direct appeal, and therefore is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982) (holding that when a § 2255 movant could have raised a claim at trial or on direct appeal but did not, § 2255 relief on that claim is deemed procedurally defaulted and may not be reviewed absent a showing of "cause" to excuse the default and "actual prejudice" resulting therefrom). However, the United States did not raise the issue of default in its response. Because the Sixth Circuit has cautioned that courts should not raise the issue of procedural default *sua sponte* "as a matter of course," *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), the Court will address the movant's claim on its merits, such as they are.

The Court presumes, construing the motion very broadly, that Mr. Mayes intends to dispute the criminal history points assigned to him in the PSR for various prior felonies. Even considered on the merits, this claim is not pleaded with sufficient specificity to state a claim for relief under Rule 2 of the Rules Governing § 2255 Proceedings. The movant does not identify which of the prior convictions were erroneously listed in the PSR or provide evidence to support a finding that the PSR incorporated any significant error. Nor, more importantly, can he show that any purported error had an adverse effect on his ultimate sentence.

In that regard, as set forth in the PSR, Mr. Mayes' criminal history points totaled 24, establishing a Criminal History Category of VI. (PSR at 20.) The PSR assigned a Total Offense Level of 24 which, combined with Criminal History Category VI, yielded a guideline range for imprisonment of 130 to 162 months under U.S.S.G. § 5A. (PSR at 6.) The statutory maximum for the offense to which Mr. Mayes pleaded guilty, however, was 10 years, thus yielding an effective guideline sentence of 120 months. The Court varied from the guidelines and sentenced Mr. Mayes to a prison term of 100 months. In imposing that sentence, the Court took into consideration the conditions of Mr. Mayes' confinement when he was detained at the Robertson County Jail, as well as the efforts Mr. Mayes had made toward rehabilitation while he had been incarcerated. (Sentencing Tr. at 25.) In other words, Mr. Mayes was not sentenced based on the Criminal History Category to which he apparently objects. Moreover, as the United States argues in its response to the motion, the Sixth Circuit has already reviewed the sentence and determined that it was both procedurally and substantively reasonable. Mr. Mayes is therefore not entitled to relief on the basis of this claim.

### B.    Ground Two

The basis for this claim is unclear, but the Court construes the motion to assert that the Court lacked jurisdiction to sentence the movant as a felon in possession of a firearm, because the predicate offenses did not qualify as "crime[s] punishable by imprisonment for a term exceeding one year" as required by 18 U.S.C. § 922(g)(1).

Under 18 U.S.C. § 921(a)(2)(B), the term "crime punishable by imprisonment for a term exceeding one year" excludes "any State offense classified by the laws of the State as a misdemeanor *and* punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(2)(B) (emphasis added). In other words, the underlying offense, to be excluded under this

provision, must *both* be defined under state law as a "misdemeanor" *and* be "punishable" by a prison term of two years or less. For a charge to be "punishable" for two years or less means that the maximum sentence that could be imposed for that charge is two years or less, regardless of what punishment the defendant actually received. *See Penney v. United States*, Nos. 1:11-cv-35, 1:04-cr-36, 2013 WL 6094457, at *13 (E.D. Tenn. Nov. 20, 2013) ("Section 922(g)(1) does not look to the actual sentence imposed but to the potential maximum punishment under the statute.").

The PSR in Mr. Mayes' criminal case lists numerous prior felony charges, any one of which could have served as the predicate offense for a conviction under 18 U.S.C. § 922(g)(1). Two of these, in particular, indisputably qualified as felonies for purposes of § 922(g): (1) the June 29, 2000 conviction for the sale of hydromorphone, for which Mr. Mayes received a sentence of six years' custody, initially suspended to six years' probation (which was subsequently revoked); and (2) the November 8, 2005 aggravated-assault conviction for which Mr. Mayes received a sentence of five years' custody, suspended to probation (also subsequently revoked). These crimes were not defined under Tennessee law as misdemeanors, and they were both clearly punishable by a term in excess of two years. Mr. Mayes does not offer any evidence to refute the PSR's finding that he had in fact previously been convicted of these crimes. Mr. Mayes is not entitled to relief on the basis of this claim.

C.     **Ground Three**

In Ground Three, Mr. Mayes claims he received ineffective assistance of counsel insofar as counsel failed to raise Grounds One and Two on direct appeal. Because, as set forth above, even if the claims had been raised, they would not have been resolved in Mr. Mayes' favor, he cannot show either that counsel was objectively unreasonable for failing to raise the claims on

direct appeal or that Mr. Mayes was prejudiced by any such alleged failure. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (holding that, to make out a claim of ineffective assistance of counsel, the movant must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant). Mr. Mayes is therefore not entitled to relief on the basis of this claim.

### D.      Ground Four

The PSR assigned a Base Offense Level of 24 in  Mr. Mayes' criminal case, based on U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 24 if the defendant who is charged with unlawful possession of a firearm has "at least two [prior] felony convictions of either a crime of violence or a controlled substance offense." The two prior felonies referenced above, for sale of hydromorphone and for aggravated assault, qualified as the two predicate offenses for purposes of U.S.S.G. § 2K12.1(a)(2).

In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court held, in pertinent part, that the defendant's prior New Mexico conviction for driving under the influence did not qualify as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). In *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), the Sixth Circuit held that *Begay* had announced a new substantive rule that applied retroactively, and that a prior conviction for reckless homicide under Kentucky law did not qualify as a violent felony for purposes of the ACCA, because a *mens rea* of recklessness did not involve the intentional use of physical force.

The movant here argues his conviction should be overturned based on *Jones*. Mr. Mayes, however, was not sentenced under the ACCA, and his two prior felony convictions indisputably qualified, respectively, as a controlled substance offense and a violent offense. Mr. Mayes is not entitled to relief on the basis of this claim.

**V.     CONCLUSION**

For the reasons set forth herein, the § 2255 motion will be denied.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2225 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). For the reasons set forth herein, the Court finds that Mr. Mayes has not made a substantial showing of the denial of a constitutional right and that his claims do not merit further review. Consequently, a COA will not issue.

An appropriate order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT